UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

UNITED STATES OF AMERICA,

v.

JAMES A. MACCALLUM,

Defendant.

**DECISION AND ORDER**

1:15-CR-00204 EAW

___

Following trial, Defendant James A. MacCallum ("Defendant") was convicted of one count of mail fraud in violation of 18 U.S.C. § 1341. Presently before the Court is Defendant's motion pursuant to Fed. R. Crim. P. 29(c) for a judgment of acquittal. (Dkt. 67). Defendant bases his motion "on the grounds set forth on the record at the close of the government's case on March 23, 2017, and prior to verdict on March 24, 2017." (*Id.* at ¶ 4). For the reasons set forth below, Defendant's motion is denied.

## DISCUSSION

Defendant timely filed his motion pursuant to Rule 29(c)—within 14 days after the guilty verdict. *See* Fed. R. Crim. P. 29(c)(1). The standard on a motion for a judgment of acquittal is stringent, and a defendant claiming that he was convicted based on insufficient evidence "bears a very heavy burden." *United States v. Blackwood*, 366 F. App'x 207, 209 (2d Cir. 2010) (quoting *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002)). "In considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government." *United States v.*

*Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999). Accordingly, "[a]ll permissible inferences must be drawn in the government's favor." *Id.*

"If *any* rational trier of fact could have found the essential elements of the crime, the conviction must stand." *United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991) (internal quotation marks and citation omitted). "The test is whether the jury, drawing reasonable inferences from the evidence, may fairly and logically have concluded that the defendant was guilty beyond a reasonable doubt." *Id.* (internal quotation marks and citations omitted). The evidence must be viewed "in its totality, not in isolation," *United States v. Huezo*, 546 F.3d 174, 178 (2d Cir. 2008), "as each fact may gain color from others." *Guadagna*, 183 F.3d at 130. The court may enter a judgment of acquittal only if the evidence that the defendant committed the crime is "nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted).

A district court must be careful not to usurp the role of the jury. "Rule 29(c) does not provide the trial court with an opportunity to 'substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury.'" *Id.* at 129 (quoting *United States v. Mariani*, 725 F.2d 862, 865 (2d Cir. 1984)). "A jury's verdict will be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." *United States v. Nersesian*, 824 F.2d 1294, 1324 (2d Cir. 1987). The government is not required "'to preclude every reasonable hypothesis which is consistent with innocence.'" *United States v. Chang An-Lo*, 851 F.2d 547, 554 (2d Cir. 1988) (citing *United States v. Fiore*, 821 F.2d 127, 128 (2d Cir.

1987)). Further, a jury's verdict may be based entirely on circumstantial evidence. *See United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995).

Defendant argued during his oral motions for judgment of acquittal that the evidence was insufficient to support a verdict of guilty with respect to each of the elements necessary to establish a violation of the mail fraud statute set forth at 18 U.S.C. § 1341. In other words, Defendant contended that there was insufficient evidence to establish: a scheme or artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, as alleged in the Indictment; that Defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and that in execution of that scheme, Defendant used or caused the use of the mails or a private or commercial interstate carrier as specified in the Indictment.

As the Court indicated in ruling on those oral motions, the evidence was more than sufficient to support a guilty finding. The Government presented evidence at trial that from 2008 until 2010, Defendant received money from numerous victim investors, and that Defendant used the incoming money to pay other investors in furtherance of a quintessential Ponzi scheme—where one investor's moneys were used to pay other investors. The jury heard testimony from five victim investors who described how he or she sent money to Defendant intending for Defendant to invest the moneys on their behalf with guaranteed rates of return in excess of 12 percent, but that they did not receive such return and, in fact, the investments that were allegedly secured by various types of collateral were fraudulent. The evidence established that the moneys were not

used as Defendant represented, and instead he used the moneys to pay his own personal expenses and further his fraudulent scheme. Moreover, the evidence established that, as part of the scheme, one of the victims—who was a citizen and resident of Canada—received a promissory note dated December 13, 2010, from Defendant sent by commercial interstate carrier. The note promised to pay $500,000, when at the time, Defendant only had approximately $5,000 available to make any such payment.

In addition to the victim investors, the jury heard testimony from Defendant's former business associates, employees of the Federal Bureau of Investigation ("FBI"), and perhaps most importantly, Defendant's own words wherein he confessed to FBI Special Agent Brent Isaacson that Defendant had perpetrated the Ponzi scheme.

In sum, the evidence was more than sufficient to support the jury's verdict that the Government met its burden of proof on each and every element of the mail fraud count.

## CONCLUSION

For the foregoing reasons, Defendant's motion for acquittal pursuant to Fed. R. Crim. P. 29 (Dkt. 67) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 11, 2017
      Rochester, New York